CARPENTER *v.* COMMERCIAL CREDIT COMPANY, INC.

4-5119

Opinion delivered June 27, 1938.

476

*Chris Carpenter* and *J. M. Brice,* for appellant.

*Young, Elms & Macon,* for appellee.

HUMPHREYS, J. This is a suit by appellee brought against appellant in the circuit court of Arkansas county, southern district, to replevy a Willys standard sedan automobile based upon a conditional sales contract alleging a breach on the part of appellant in failing to make the monthly payments provided therein. It was alleged that a note was executed of even date with the sales contract covering the deferred monthly payments and that the title to the automobile was retained in T. S. McCollum Sales Co., of Stuttgart, Arkansas, until all the monthly payments should be made. It was also alleged that upon failure to make the payments, or any of them, T. S. McCollum Sales Company, or its assignee, might take possession of the property by a replevin suit, if necessary, and that in default of the payment of the amount due on the monthly payments the ownership of the automobile should become absolute in the vendor of the automobile or its assignee.

It alleged that it purchased the contract and note executed by appellant to T. S. McCollum Sales Co. for a valuable consideration before maturity and was an innocent purchaser thereof.

The prayer of the complaint was that appellee should have possession of said automobile, or its value, and the cost of the action.

The writ of replevin was served and, appellant failing to give a retaining bond, the automobile was delivered by the sheriff to appellee.

Appellant filed an answer denying that appellee was an innocent purchaser for value before maturity, and

also denying that the conditional sales contract was negotiable.

It also alleged as a defense that appellant signed the note and conditional sales contract in blank with instructions to the T. S. McCollum Sales Co., from whom he bought the automobile, to insert the monthly payments of $18 in the contract and note and send him a duplicate thereof the next day, but that the T. S. McCollum Sales Co. failed to send it to him for more than thirty days and upon receiving it he discovered that monthly payments had been inserted in the note in the sum of $20.35, and that thereupon he took up the matter with said sales company and T. S. McCollum told him that a mistake had been made by appellee in Little Rock in entering the monthly payment and that he would have it corrected; that he did not do so, and when appellant received notice from appellee to make the first monthly payment of $20.35 he informed the company that the monthly payments should be $18, but finally made two subsequent monthly payments under protest and that when T. S. McCollum and appellee refused to make the correction in accordance with the contract he had with T. S. McCollum Sales Co., with reference to the sale, he offered to pay $18 a month and tendered same to them, but that they refused to accept less than $20.35 per month, which had been inserted in the note.

Appellant also set out a number of other defenses, among them being that the car was sold to him as a new car, whereas it was a used car and set out all of the defects of the car on account of being a used car by way of counter-claim, and also pleaded that the agreement was that T. S. McCollum Sales Co. and the manufacturer of the car would readjust, service and make replacements and adjustments of all defective parts for a period of ninety days, which T. S. McCollum Sales Co. refused to do when demand was made for service, replacements, etc.

He also alleged that appellee, without any authority on his part, had inserted the monthly payment in the note for more than the monthly payment agreed upon, claiming that such insertion was a change that voided the note.

Upon a hearing of the case before the court and jury, appellant offered to introduce proof to sustain the defenses it had alleged, which the court excluded over his objection and exception. The court did allow him to introduce evidence relative to the agreement that the monthly payments should be $18 and that that amount would be inserted in the note and contract as the monthly payment.

Ernst Carpenter testified, in substance, that he agreed to pay McCollum Sales Co. $595 for a new car; that he traded his old car in as a down payment for $225, leaving a balance of $370 to be financed over a period of twenty-four months; that the insurance and carrying charges brought the total price of the new car to $432, payable in twenty-four monthly installments of $18 each; that he signed the note and contract in blank and left it with T. S. McCollum Sales Co. to be completed; that he was to receive a copy of the contract on the next day, but it was thirty days before he succeeded in obtaining a completed copy; that when he received the first notice from appellee on August 6, thirty-three days after execution of the contract, that he was to pay $20.35 per month, he took the matter up with McCollum; that McCollum stated it was an error and that the monthly payment had been increased in the Little Rock office; that the note had been changed in the Little Rock office of appellee, but they had failed to fill out the blank in the conditional sales contract.

Ernst Carpenter was corroborated in this testimony by his brother, who was with him at the time he bought the car and also at the time he talked to T. S. McCollum about the mistake being made in entering the amount and where the entry in the note had occurred.

T. S. McCollum contradicted them, stating that the insurance was not included in the monthly payment of $18, and that when he got a manual relative to the insurance he figured out and filled the amount in the note himself and that he did not send it to Little Rock to be filled in.

The conditional sales contract was incomplete as the amount of the monthly payment was never inserted in the blank space left for it.

The note had the amount of the monthly payment inserted in the blank space left and was complete.

The conditional sales contract contained the following provisions:

Said note is a negotiable instrument separate from this contract even though at the time of the execution it may be temporarily attached hereto by perforation or otherwise.

The note did not retain title of the property in the automobile and it did not refer to the conditional sales contract, and does not make any mention of the automobile.

A money judgment upon the note was not prayed in the complaint.

At the conclusion of the testimony the court instructed the jury to return a verdict for appellant for the automobile and that unless appellant paid the amount of $460.31 due on the note, together with interest, the automobile should become the absolute property of appellee, from which judgment is this appeal.

Appellant pleaded defenses in his answer which were good defenses, if the proof sustained them, against T. S. McCollum Sales Co. The court permitted appellant to make proof of the allegation that the monthly payment was to be $18 and that that amount should be inserted in the note and conditional sales contract. The court refused to allow appellant to make proof that the automobile was sold to him as a new one, whereas it was a used car, and also refused to allow him to make proof of an agreement between him and T. S. McCollum Sales Co. that it would replace all defective parts and make repairs and service the automobile for ninety days, which he alleged it had refused to do. The refusal of the court to admit evidence in these particulars was error. And it was error on the part of the court to take away from the jury the determination of the issue of fact as to what the monthly payments were that should be inserted by T. S. McCollum in the blanks in the note and contract which were not filled out at the time the car was purchased. These errors were committed by the trial court on the theory that the conditional sales contract was a negotiable instrument

and that appellee purchased same for a valuable consideration before the maturity of the note. The conditional sales contract was not a complete instrument within itself on account of the blank with reference to the monthly payments was not filled out and for the further reason that it was not an absolute and unconditional agreement for the payment of a definite sum of money at all events and without any contingency.

This court said in the case of *Murrell* v. *Exchange Bank,* 168 Ark. 645, 271 S. W. 21, 44 A. L. R. 1391, that: "A promissory note given for the purchase price of a pump with retention of title in the payee until note is paid and providing that the payee, if he deemed the property unsafe, might take possession of the property, whether the note was due or not, and sell the same, the maker agreeing to pay the balance remaining unpaid after the application of the proceeds of sale held nonnegotiable, since the maker's obligations were not absolute and unconditional for the payment of a definite sum of money at all events and without any contingency."

Appellee, for its title and right of possession, relied upon the sales contract and, not being negotiable, it took the sales contract by assignment with all the defenses appellant had against T. S. McCollum Sales Co. It was not an innocent purchaser of the conditional sales contract. It merely had an assignment thereof and took it subject to all defenses that appellant had against T. S. McCollum Sales Co. It was specifically provided in the conditional sales contract that the note was a separate and independent contract from the sales contract itself. So the situation, as we see it, is that appellee took the conditional sales contract subject to all defenses or infirmities available to appellant as against T. S. McCollum Sales Co.

The note was introduced in evidence along with the sales contract, but this suit and the right of appellee to take possession of the car by a proceeding in replevin was not predicated upon it, but was predicated upon the provisions contained in the conditional sales contract which was not negotiable, but assignable only. The trial court erred in taking away from the jury the question

of fact with reference to the legal defenses available to appellant against T. S. McCollum Sales Co. In other words, it erred in treating appellee as an innocent purchaser for value of the conditional sales contract and in peremptorily instructing the jury to return a verdict for appellee.

On account of the errors indicated, the judgment is reversed, and the cause is remanded for a new trial.

Griffin Smith, C. J., concurs. McHaney, J., absent and not participating.